IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| CLIFFORD ROSA, #A0196732,<br><br>Plaintiff,<br><br>vs.<br><br>MANDY FELDT,<br><br>Defendant. | Civil No. 24-00552 MWJS-RT<br><br>ORDER DISMISSING FIRST AMENDED PRISONER CIVIL RIGHTS COMPLAINT, ECF NO. 9, WITHOUT LEAVE TO AMEND |

**ORDER DISMISSING FIRST AMENDED PRISONER CIVIL RIGHTS COMPLAINT, ECF NO. 9, WITHOUT LEAVE TO AMEND**

Before the Court is pro se Plaintiff Clifford Rosa's First Amended Prisoner Civil Rights Complaint (FAC) filed pursuant to 42 U.S.C. § 1983.[1] ECF No. 9. In his FAC, Rosa alleges that Mandy Feldt, a nurse at Halawa Correctional Facility (HCF), violated his Eighth Amendment rights by denying him adequate medical care. *See id.* at

---

[1] Rosa is currently incarcerated at Halawa Correctional Facility. *See* ECF No. 9, at PageID.43; *see also* VINE, https://vinelink.vineapps.com/search/HI/Person (select "ID Number"; enter "A0196732"; and select "Search") (last visited Mar. 17, 2025). Rosa checked a box in his FAC indicating that his claims are brought pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). ECF No. 9, at PageID.43. But because the claims are against a state, and not federal, official, the Court liberally construes Rosa's claims as being brought pursuant to 42 U.S.C. § 1983. *See Starr v. Baca*, 652 F.3d 1202, 1206 (9th Cir. 2011) ("[A] *Bivens* action is the federal analog to an action against state or local officials under § 1983.").

PageID.47. After conducting the required screening pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A, the Court concludes that Rosa has not stated a colorable claim for relief. And because he has already had two opportunities to state a claim, but has not gotten closer to alleging a factual basis for the complaint, the Court finds that granting further leave to amend would be futile. It therefore DISMISSES Rosa's FAC without leave to amend.

## BACKGROUND

In his original complaint, Rosa alleged that he fell and was injured at HCF two days after undergoing hip surgery. ECF No. 1, at PageID.5. Rosa fell when another inmate, who was carrying him between two housing units, put him down without supporting him. *Id.* Rosa shattered his femur and was rushed to the hospital, where he underwent emergency surgery. *Id.* Rosa sought money damages for his injuries, and he named as defendants the State of Hawaiʻi, HCF, and HCF's medical unit. *Id.*

The Court dismissed the original complaint with partial leave to amend on December 23, 2024. ECF No. 4. The Court concluded that any claims against the State of Hawaiʻi, HCF, and HCF's medical unit were barred by the Eleventh Amendment, and it therefore dismissed those defendants with prejudice. *Id.* at PageID.28-29. But the Court noted that the Eleventh Amendment "does not bar Rosa from seeking damages against individual state officials in their personal capacities," or "from seeking prospective injunctive relief from individual state officials in their official capacities for

2

ongoing violations of federal law, if any exist." *Id.* at PageID.29 (cleaned up). The Court granted Rosa leave to amend the complaint to name a proper defendant. *Id.* To provide Rosa with guidance for any amended complaint, the Court also laid out the applicable legal standard for an Eighth Amendment inadequate medical care claim and explained how the original complaint failed to state a claim under that standard. *Id.* at PageID.29-31. Specifically, the Court explained that even assuming the complaint had alleged a serious medical need, it did not plausibly allege that any prison official acted with deliberate indifference to that need. *Id.* at PageID.31.

The Court received Rosa's FAC on March 7, 2025. ECF No. 9. The FAC names Feldt, a nurse at HCF, as the defendant. *Id.* But it does not allege additional facts showing how Feldt, or any other prison official, acted with deliberate indifference to a serious medical need. Instead, its factual allegations are comprised of a single sentence.[2] That sentence reads, "I just [had] surgery when an [inmate] carry me from the back he [dropped] me and broken [sic]." *Id.* at PageID.47. Rosa seeks $250,000 in damages for pain and suffering. *Id.* at PageID.50.

//

//

---

[2]  It appears Rosa initially also included some facts about an alleged sexual assault, but later crossed those facts out. *See* ECF No. 9, at PageID.47. Such claims are instead raised in another lawsuit against different HCF defendants. *See* Complaint, *Rosa v. Lt. Yoshida*, No. 25-cv-00062 (D. Haw. Feb. 10, 2025), ECF No. 1.

## DISCUSSION

A. **Statutory Screening**

The Court is required to screen all in forma pauperis prisoner complaints filed against government officials pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A. *See, e.g.*, *Byrd v. Phx. Police Dep't*, 885 F.3d 639, 641 (9th Cir. 2018). Complaints that, among other things, fail to state a claim for relief must be dismissed. *See* 28 U.S.C. § 1915(e)(2)(B); *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc).

Screening under 28 U.S.C. §§ 1915(e)(2) and 1915A involves the same standard as that used under Federal Rule of Civil Procedure 12(b)(6). *See Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) (per curiam). Under this standard, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (cleaned up). A claim is "plausible" when the facts alleged support a reasonable inference that the plaintiff is entitled to relief from a specific defendant for specific misconduct. *See id.* at 678-83.

In conducting this screening, the Court liberally construes pro se litigants' pleadings and resolves all doubts in their favor. *See Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). If a complaint does not survive screening, the Court must grant leave to amend if it appears that the plaintiff can correct the defects in the complaint. *See Lopez*, 203 F.3d at 1130; Fed. R. Civ. P. 15(a)(2). When a claim cannot be saved by amendment,

however, dismissal without leave to amend is appropriate. *See Sylvia Landfield Tr. v. City of Los Angeles*, 729 F.3d 1189, 1196 (9th Cir. 2013).

    **B.    The Eleventh Amendment Bars Rosa's Claim Against Feldt in Her Official Capacity**

Rosa names Feldt in both her individual and official capacities. ECF No. 9, at PageID.43. "The Eleventh Amendment bars suits for money damages in federal court against a state, its agencies, and state officials acting in their official capacities." *Aholelei v. Dep't of Pub. Safety*, 488 F.3d 1144, 1147 (9th Cir. 2007). Here, Rosa seeks only money damages, so his claim against Feldt in her official capacity is barred by the Eleventh Amendment. *See Wages v. Cox*, No. 24-cv-223, 2024 WL 3791186, at *2 (D. Haw. Aug. 13, 2024) (noting that claims for money damages "may only proceed if they are asserted against Defendants in their *individual* capacities, not their *official* capacities"). The official capacity claim is therefore DISMISSED.

    **C.    Rosa Fails to State a Plausible Claim for Inadequate Medical Care Under the Eighth Amendment**

That leaves the claim against Feldt in her individual capacity. In the FAC, Rosa checks a box indicating that his claim is based on a denial of adequate medical care. ECF No. 9, at PageID.47.

As the Court previously explained to Rosa, the Eighth Amendment governs the treatment of convicted prisoners and forbids "cruel and unusual punishments." U.S. Const. amend. VIII; *see Sandoval v. County of San Diego*, 985 F.3d 657, 667 (9th Cir. 2021)

("Individuals in state custody have a constitutional right to adequate medical treatment. . . . [T]hat right is part of the Eighth Amendment's guarantee against cruel and unusual punishment."). Although the Constitution "does not mandate comfortable prisons," it also does not "permit inhumane ones." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (cleaned up). Prison officials, therefore, "must ensure that inmates receive adequate food, clothing, shelter, and medical care, and [they] must take reasonable measures to guarantee the safety of the inmates." *Id.* (cleaned up).

To establish a claim of inadequate medical care, a prisoner must show both a "serious medical need" and that an official's response to that need was "deliberately indifferent." *Edmo v. Corizon, Inc.*, 935 F.3d 757, 785-86 (9th Cir. 2019) (per curiam) (cleaned up). A serious medical need is present when, for example, the "failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain. Serious medical needs can relate to physical, dental and mental health." *Id.* at 785 (cleaned up).

"To show deliberate indifference, the plaintiff must show that the course of treatment the official chose was medically unacceptable under the circumstances and that the official chose this course in conscious disregard of an excessive risk to the plaintiff's health." *Id.* at 786 (cleaned up). This is a "high legal standard." *Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir. 2004). "An inadvertent or negligent failure to provide adequate medical care is insufficient to establish a claim under the Eighth

6

Amendment.  In other words, medical malpractice does not become a constitutional violation merely because the victim is a prisoner." *Edmo*, 935 F.3d at 786 (cleaned up).

Here, even assuming a serious medical need, Rosa has not plausibly alleged that Feldt acted with deliberate indifference to that need.  For example, Rosa does not allege Feldt directed another inmate to carry him between housing units knowing that he had just undergone hip surgery.  Nor does Rosa allege that he ever complained to Feldt about being carried to another housing unit.  If Rosa did complain, he does not say what he told Feldt or how she responded.  And Rosa does not allege that Feldt denied or delayed medical care after he fell.  In fact, Rosa does not allege that Feldt was involved in any way with the events described in the FAC.  *See* ECF No. 9, at PageID.47.  As a result, Rosa has not plausibly alleged that Feldt consciously disregarded an excessive risk to his safety.  *See Edmo*, 935 F.3d at 786.  Rosa's claim against Feldt in her individual capacity is therefore DISMISSED.

### D.     Leave to Amend is Denied

Ordinarily, the Court permits pro se plaintiffs leave to amend so that they might cure the deficiencies through amendment of the complaint.  *See* Fed. R. Civ. P. 15(a)(2).  But a district court has the discretion to deny leave to amend where there is "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party

by virtue of allowance of the amendment, [or] futility of amendment." *Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 1007 (9th Cir. 2009).

In this case, the Court already gave Rosa leave to amend, and it explained in detail the complaint's deficiencies so that Rosa might cure them by amendment. ECF No. 4. Rather than do so, Rosa submitted an (untimely) amended complaint with less factual allegations than the first. Because Rosa already had two chances to set forth his claims and has received ample guidance from the Court on how to do so, but has not cured the identified deficiencies, further leave to amend is DENIED as futile.

### E.     Strikes Under 28 U.S.C. § 1915(g)

Rosa is notified that this dismissal may count as a "strike" under 28 U.S.C. § 1915(g). Under this "3-strikes" provision, a prisoner may not bring a civil action or appeal a civil judgment in forma pauperis,

> if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

## CONCLUSION

(1) The FAC, ECF No. 9, is DISMISSED pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A.

(2)  Because Rosa has had two opportunities to state a plausible claim for relief and has been unable to do so, granting further leave to amend would be futile and the FAC is DISMISSED without leave to amend.

(3)  Rosa is NOTIFIED that this dismissal may count as a strike under 28 U.S.C. § 1915(g).

(4)  If Rosa decides to file a notice of appeal, the Court finds that doing so would be frivolous.  He must therefore separately move for in pauperis status in the Ninth Circuit, should he decide to appeal without prepaying the filing fee.  *See* Fed. R. App. P. 24(a)(3)(A).

(5)  The Clerk is DIRECTED to enter judgment and close this case.

IT IS SO ORDERED.

DATED:  March 17, 2025, at Honolulu, Hawaiʻi.



/s/ Micah W.J. Smith

Micah W.J. Smith
United States District Judge

---

Civil No. 24-00552 MWJS-RT; *Clifford Rosa v. Mandy Feldt*; ORDER DISMISSING FIRST AMENDED PRISONER CIVIL RIGHTS COMPLAINT, ECF NO. 9, WITHOUT LEAVE TO AMEND

9